# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Alan Bowers, on behalf of himself and those similarly situated, | ) Case No. 5:20-cv-02005-JRA |
| Plaintiff, | ) Judge John R. Adams |
| v. | ) |
| Waller Enterprise, Inc.; Karl Waller; Doe Corporation 1-10; and John Doe 1-10, | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6) and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), Defendants Waller Enterprise, Inc. and Karl Waller ("Defendants") respectfully move the Court to enter an order compelling Plaintiff Alan Bowers ("Plaintiff") to arbitrate his claims against Defendants on an individual basis and dismissing these proceedings pending the outcome of individual arbitration. In support of this Motion, Defendants state as follows:

1. On September 8, 2020, Plaintiff filed this action against Defendants in the United States District Court for the Northern District of Ohio, Eastern Division. Plaintiff's claims arise out of his employment with Defendants and allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Ohio Constitution, Article II, Section 34a, the Ohio Minimum Wage Fairness Act, O.R.C. 4111.01 *et seq.*, O.R.C. § 4113.15, and O.R.C. § 2307.60 (the "Ohio State Law Claims"). *See* Compl. at ¶ 1. Plaintiff brought his FLSA claim as a putative collective action under Section 216(b) of the FLSA. *See id.* at ¶¶ 100-108, 127-140.

Plaintiff brought his Ohio State Law Claims as a putative class action pursuant to Federal Rule of Civil Procedure 23. *See id.* at ¶¶ 109-126, 141-165.

2. Plaintiff's claims arise out of a transaction involving interstate commerce and are subject to a binding arbitration agreement that is governed by the FAA. On November 10, 2017, Plaintiff and Defendants[1] entered into an arbitration agreement ("Agreement"). *See* Ex. A, Declaration of Karl Waller at ¶ 5, Attachment A.

3. Plaintiff's claims in this action are subject to the Agreement and, pursuant to the Agreement, must be brought in arbitration. *See* Ex. A, Sec. II.A. Specifically, the Agreement includes "claims for payment or demand for reimbursement of alleged expenses relating to employment with the Company," which "arise under federal law, including but not limited to the Fair Labor Standards Act ("FLSA") . . . or any state wage payment laws." *Id.* Further, Plaintiff's claims must be brought in arbitration on an individual basis, rather than a class or collective action basis. *See* Ex. A, Sec. III.A. The Agreement provides that Defendants are entitled to dismissal of this action pending individual arbitration. *See* Ex. A, Sec. IV.

4. The FAA provides that agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA authorizes a federal court to "make an order directing the parties to proceed to arbitration" upon a showing that "the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4.

5. In enacting Section 2 of the FAA, Congress declared a national policy favoring arbitration and required that all courts rigorously enforce agreements to arbitrate. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S. Ct. 1647, 1651, 114 L.Ed.2d 26 (1991).

---

[1] The Agreement defines "the Company" as "Waller Enterprise Inc. d/b/a Domino's Pizza, and includes its . . . respective owners . . . ." Therefore, the Agreement is enforceable by all Defendants to these proceedings.

Recognizing this legislative mandate, the United States Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L.Ed.2d 765 (1983). Further, arbitration agreements in the employment context are broadly enforceable under the FAA. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122-24, 121 S. Ct. 1302, 1312-1313, 149 L.Ed.2d 234 (2001) ("We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context."); *Gilmer*, 500 U.S. at 35, 111 S. Ct. at 1657.

WHEREFORE, Defendants request that the Court enter an order: (1) compelling Plaintiff to arbitrate his claims against Defendants on an individual basis in accordance with the Agreement; and (2) dismissing the action with prejudice. A proposed Order is tendered herewith for the Court's consideration.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

/s/ *Mathew A. Parker*
Mathew A. Parker (0093231)
250 West Street, Suite 400
Columbus, Ohio 43215
(614) 221-1425
(614) 221-1409 Fax
mparker@fisherphillips.com

*Counsel for Defendants Waller Enterprise, Inc. and Karl Waller*

FP 39422985.2

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, a copy of the foregoing *Defendants' Motion to Dismiss and to Compel Arbitration* was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties. Parties may access this filing through the Court's CM/ECF system.

/s/ *Mathew A. Parker*

*Counsel for Defendants Waller Enterprise, Inc. and Karl Waller*

FP 39422985.2